UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALAN KENNETH THOMPSON, JR.,

    Petitioner,

v.                                     Case No:  5:18-cv-149-Oc-02PRL
                                                (5:15-cr-20-Oc-10PRL)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court on remand from the Eleventh Circuit. (Doc. 34). The Eleventh Circuit seeks clarification of this Court's Order denying Petitioner's Motion to Reopen Judgment filed pursuant to Rule 60(b). *See* Docs. 19, 22. Upon review, Petitioner's Rule 60(b) motion is **DENIED**.

## PROCEDURAL HISTORY

Petitioner was indicted on October 21, 2015. (Doc. 12, Criminal Case). He was charged in two counts:

> Count One alleged that between May 5 and May 11, 2015, in the Middle District of Florida, Thompson knowingly distributed in interstate commerce by computer, material containing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1).

> Count Two alleged that on September 10, 2015, in the Middle District of Florida, Thompson knowingly possessed images of child pornography that had been shipped in interstate commerce by computer in violation of 2252A(a)(5)(B).

On January 27, 2016, Petitioner entered into a plea agreement with the United States (Doc. 22, Criminal Case) whereby he entered a plea of guilty to Count One, with Count Two to be dismissed.

At the sentencing on May 25, 2016, the Court adopted the calculations of the Presentence Report and found that the Guidelines sentencing range was 168 to 210 months – the range applicable to Offense Level 34, Criminal History Category II, with a statutory mandatory minimum term of 60 months. (Doc. 55 at 9-11, Criminal Case). However, the Government had filed a motion for downward departure pursuant to § 5K1 of the Guidelines (Doc. 39, Criminal Case), suggesting a reduction of three Offense Levels in Thompson's Sentencing Guidelines calculation. The Court granted that motion and determined that the resulting Guidelines sentencing range was 121 to 151 months at Offense Level 31, Criminal History Category II. (Doc. 55 at 11-12, Criminal Case). The Court then imposed a mid-range sentence of 136 months followed by 10 years of supervised release, and judgment was entered accordingly. (Doc. 44, Criminal Case).

Petitioner prosecuted a timely appeal, but in due course his lawyer filed an *Anders* brief and sought leave to withdraw. The Court of Appeal granted that motion and affirmed the conviction and sentence (Doc. 60, Criminal Case) after observing that its "independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct." *Id.*[1]

---

[1] The Supreme Court denied certiorari. (Doc. 62, Criminal Case).

Petitioner moved to vacate his conviction under 28 U.S.C. § 2255. His Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) was denied and judgment entered against him on May 4, 2018. (Docs. 4, 5). Both this court and the Eleventh Circuit Court of Appeals denied a certificate of appealability. (Docs. 11, 17).

## RULE 60(b)

A Rule 60(b) motion may not raise a new claim for relief and may not attack the post-conviction court's prior resolution of a claim on the merits. *See Pease v. United States*, 768 F. App'x 974, 976 (11th Cir. 2019). The application of Rule 60(b) in a habeas context has been succinctly summarized:

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows "any … reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005).

Under Rule 60(b)(6), Petitioner must show "extraordinary circumstances" justifying the reopening of his § 2255 motion. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014); *Gonzalez*, 545 U.S. 536. Judicial error, however, does not constitute an extraordinary circumstance. *Id*. Notwithstanding, a Rule 60(b) motion may be properly used to assert that a prior erroneous ruling precluded a merits determination. *Gonzalez*, 545 U.S. at 532 n.4; *see Caison v. Sec'y, Dep't of Corr.*, 766 F. App'x 870, 874 (11th Cir. 2019).

Having considered Petitioner's motion and argument, I find that relief under Rule 60(b) is not available. The underlying judgment is not void, and no exceptional or extraordinary circumstances warrant reopening the § 2255 motion.

## ANALYSIS

In summary, Petitioner's Rule 60(b) motion reargues claims that were previously denied by the court. He mistakenly contends that certain portions of his claims were ignored or missed. Petitioner attempts to avoid his motion being construed as merely rearguing the merits of his § 2255 motion by claiming that his motion "merely asserts that a previous ruling which precluded a merit determination was in error" and is therefore not a habeas claim. (Doc. 19 at 19). This attempt to circumvent the limited purpose of a Rule 60(b) motion is unavailing.

**Failure to address the merits**

Petitioner contends that the district court failed to address his claim that the charged conduct fails to "call[ ] forth federal jurisdiction under the statute." (Doc. 19 at 9). Therefore, Petitioner argues that because the Order failed to establish that the District Court had jurisdiction, the underlying judgment is void. *Id.* Contrary to this contention, the § 2255 motion did not raise this issue. In his claim of ineffective assistance of trial counsel, Petitioner claimed counsel was ineffective for (1) allowing him to enter a guilty plea to a crime not charged in the indictment; (2) failing to argue that the facts alleged in Count One did not constitute an offense as charged; (3) failing to object to errors in the presentence report; and (4) failing to object to errors in the computation of his Criminal History Score. *See* Doc. 1 at 19-31.

Petitioner further argues that the district court failed to specifically address his ineffective assistance of appellate counsel claims. Contrary to this claim, the order found that Petitioner suffered no prejudice based on the Court of Appeals' "independent review of the record" and conclusion that "counsel's assessment of the relative merit of the appeal is correct." (Doc. 4 at 5).

## Conclusion

Having considered Petitioner's motion and arguments, I find that relief under Rule 60(b) is not available. The underlying judgment is not void, and no exceptional or extraordinary circumstances warrant reopening his § 2255 motion.

## CERTIFICATE OF APPEALABILITY ("COA")

A COA is "required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 1158, 1169 (11th Cir. 2017), *cert. denied sub nom. Lambrix v. Jones*, 138 S. Ct. 217 (2017). Petitioner is not entitled to a COA.

"A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). And when a habeas petition is denied on procedural grounds, without reaching the underlying constitutional claim, a COA should issue when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly,

when a COA application concerns a procedural ruling, the required showing must include both the procedural issue and the constitutional issue. *Id.*

"At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759. 773 (2017), quoting *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). Jurists of reason would not debate that Petitioner should be denied relief under Rule 60(b)(6). Specifically, the determination that Rule 60(b)(6) affords no relief is not reasonably debatable.

**DONE** and **ORDERED** in Tampa, Florida on April 26, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party